IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD CHARLES TAVARES,  :   1:13-cv-0020
                          :
         Petitioner,      :
                          :   Hon. John E. Jones III
      v.                  :
                          :   Hon. Martin C. Carlson
THOMAS DECKER, *et al.*,  :
                          :
         Respondents.     :

# MEMORANDUM

### March 26, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Before the Court is the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (Doc. 11) filed on March 5, 2013 recommending that Richard Charles Tavares's ("Petitioner") petition for writ of habeas corpus be dismissed with leave to renew the claim at an appropriate future time. Objections to the R&R were due by March 22, 2013, and to date none have been filed. Accordingly, this matter is ripe for our review. For the reasons that follow, we shall adopt the R&R in its entirety, dismiss the petition, but grant Petitioner leave to renew this claim at an appropriate future time.

**I.     STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II.  DISCUSSION

Petitioner alleges a due process violation due to the length of his mandatory detention prior to removal. Petitioner has been held in custody since February 15, 2012, his final order of removal was entered October 12, 2012 and Petitioner is still in custody awaiting removal. For the reasons that follow, we agree with Magistrate Judge Carlson that the petition must be dismissed.

There are two analyses to be made in this matter: the length of detention before entry of the final administrative removal order and the length of detention after entry of the final administrative removal order. As these analyses are time determinative, a recitation of the timing of events is in order. On July 25, 2006, Petitioner was convicted of possession with intent to deliver of 266 grams of marijuana. (Doc. 9-1, pp. 6, 12). On February 15, 2012, Petitioner was served with notice of the removal proceedings and taken into custody pursuant to 8 U.S.C. § 1226(c)(1)(B). (*Id.*, p. 11). On June 14, 2012, an Immigration Judge ordered Petitioner removed and Petitioner challenged this ruling. (*Id.*, pp. 11-13). Petitioner's challenge was denied and the final removal order was entered October 12, 2012. (*Id.*, p. 15).

Petitioner's drug conviction puts him squarely within the mandatory pre-removal detention statute. *See* 8 U.S.C. § 1226(c)(1)(B). Mandatory pre-removal detention does not violate due process, so long as the detention is not of an unreasonable length. *Demore v. King*, 538 U.S. 510, 531 (2003). Mandatory pre-removal detention for eight months does not present substantial constitutional issues, especially when part of the delay is the result of Petitioner challenging the removal decision. *See Tavares v. Attorney Gen. USA*, 211 F. App'x 127, 128 (3d Cir. 2007).

After entry of the final removal order, Petitioner is subject to mandatory detention for up to 90 days pursuant to 8 U.S.C. § 1231(a)(2). *See* 8 U.S.C. § 1231(a)(3). After this 90 day period, detention is presumed reasonable up to a period of six months. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Petitioner's detention after the final removal order is well within the reasonable time period outlined in *Zadvydas* and therefore Petitioner has no grounds for relief at this time. If Petitioner's detention continues beyond the reasonable time period and no progress is made towards removal, Petitioner may file a new petition challenging his continued detention.

As we have already mentioned, the Plaintiff has not filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate order shall issue.